IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MASOUD BAMDAD,
No. 47237-112,

Petitioner,

    vs.                      Case No. 14-cv-853-DRH

ERIC HOLDER and
JEFFREY WALTON,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Masoud Bamdad, currently incarcerated in Marion-U.S. Penitentiary, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner asserts that he has been "unlawfully and unconstitutionally prosecuted, convicted, and sentenced" and that, therefore, he is entitled to immediate release from incarceration. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as

this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

On May 6, 2009, petitioner was found guilty of ten counts of unlawfully distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1), and an additional three counts of unlawfully distributing oxycodone to persons under the age of 21, in violation of 21 U.S.C. § 859, following a nine-day jury trial in the United States District Court for the Central District of California. (Doc. 1, p. 14). The jury was hung on four additional counts, including a count alleging illegal distribution resulting in death. *Id*. On July 29, 2010, petitioner was sentenced to 25 years of imprisonment, six years of supervised release, and a $1,000,000 fine. *Id*. Petitioner filed a timely appeal with the Ninth Circuit Court of Appeals. In that appeal petitioner raised five issues: 1) the insufficiency of the evidence to convict; 2) the district court's decision not to give a cautionary instruction regarding the government's playback of undercover cop tapes during jury deliberations was reversible error; 3) the government's evidence on the "death count" resulted in retroactive misjoinder due to prejudicial spillover; 4) error based on the district court's denial of a motion to suppress evidence based on an alleged defective. *See United States v. Bamdad*, 459 F. App'x 653 (9th Cir. 2011). On November 23, 2011, the Ninth Circuit issued an opinion affirming the conviction and sentence. *Id*.

On June 21, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Central District of California. (*See United States v. Bamdad*, CR-08-0506, Doc. 338). In this § 2255 petition, petitioner challenged his conviction on thirty-five grounds. On May 6, 2013, the district court denied this post-conviction appeal in a 39-page order, which organized the claims into the following seven categories: 1) the court lacked jurisdiction because the practice of medicine should not be regulated by federal law; 2) Fourth Amendment violations related to the search of petitioner's office without a proper warrant; 3) selective prosecution; 4) denial of effective assistance of counsel; 5) actual innocence; 6) prosecutorial misconduct; and 4) illegal sentence based on wrong information. *United States v. Bamdad*, CR-08-0506, Doc. 387, p. 1-2. The district court and the Ninth Circuit Court of Appeals both denied petitioner's request for a certificate of appealability. *See id.* Doc. 393, 413. Petitioner subsequently filed a flurry of motions and notices requesting various forms of relief including a motion to alter or amend the court's order on the § 2255 petition (Doc. 399); revised request for certification of appealability (Doc. 403); motion to recuse judge (Doc. 414); and notice of motion filed with the Ninth Circuit appealing order denying the motion to recuse judge (Doc. 427). Petitioner has been denied relief on all of these motions. *Id.* Having exhausted all avenues for relief under his first § 2255 petition, on June 16, 2014, petitioner filed a motion with the Ninth Circuit Court of Appeals requesting permission to file a second or successive § 2255 petition. Petitioner

did not disclose this pending motion to the Court; rather, the Court discovered this motion in its review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). This motion has yet to be ruled on. *See Bamdad v. United States*, 14-71659 (9th Cir. 2014).

### The Habeas Petition

In the instant petition, filed on July 29, 2014, petitioner asserts that he is entitled to habeas relief under 28 U.S.C. § 2241 based upon recent United States Supreme Court decisions that substantively changed the law. (Doc. 1, p. 12). Specifically, petitioner raises the following claims: 1) the indictment was defective because the federal government does not have the authority to regulate medical practitioners; 2) petitioner's constitutional rights under the Fourth and Fifth amendments to the United States Constitution were violated when agents searched his office without a proper warrant; 3) the "death count" in the indictment was unreasonable and unfairly prejudiced the jury and judge; and 4) the preponderance-of-the-evidence standard used by the judge to determine the amount of oxycodone distributed was erroneous. In addition to these claims, which petitioner maintains are supported by new case law, petitioner also reiterates his claim of actual innocence and ineffective assistance of counsel. Petitioner asserts that he may bring these claims under the "savings clause" of 28 U.S.C. § 2255(e) because new Supreme Court decisions establish that he is

"legally and actually (factually) innocent of his conviction and imposed sentence." *Id*.

## Discussion

This Court finds it particularly curious that petitioner set out the procedural history of his case in great detail, but failed to mention in his motion or memorandum that he has a current motion requesting permission to file a second or successive § 2255 petition pending before the Ninth Circuit Court of Appeals. This is a serious omission. The Court will not speculate whether the omission was deliberate or unintentional. However, petitioner is advised that "courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (collecting cases). The Court need not determine whether dismissal is warranted in this case since dismissal is appropriate on alternative grounds.

Weeks after filing a motion with the Ninth Circuit Court of Appeals requesting permission to file a second or successive § 2255 petition, petitioner filed the present motion raising nearly identical claims. This is not permissible. There are policy considerations related to finality, consistency, and the efficient use of judicial resources that bar both the re-litigation of identical claims and the concurrent litigation of identical claims in separate forums. Because the motion pending before the Ninth Circuit was filed first, this Court will dismiss the present

petition without prejudice and allow this matter to proceed on the motion filed in the Ninth Circuit.[1]

## Disposition

For the foregoing reasons, the petition is summarily **DISMISSED** without prejudice. All pending motions are **DENIED** as **MOOT**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[1] Moreover, the fact that petitioner, just weeks before filing the present petition, filed a petition with the Ninth Circuit Court of Appeals requesting permission to file a second or successive § 2255 belies his assertion in the present petition that "28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of Bamdad's detention based upon the substantive changes in law by the United States Supreme Court." (Doc. 1, p. 12). Other than this vague assertion, petitioner has not explained why this action should proceed under § 2241 rather than § 2255.

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: August 20, 2014**

Digitally signed by David R. Herndon
Date: 2014.08.20 15:28:51 -05'00'

**Chief Judge**
**United States District Court**